| | |
|---|---|
| Frederick E. Turner (SBN 96776) | Linda E. O'Brien (SBN 134941) |
| Richard J. Reynolds (SBN 89911) | LAW OFFICES OF LINDA E. O'BRIEN, |
| TURNER, REYNOLDS, GRECO & O'HARA | A PROFESSIONAL CORPORATION |
| A Law Corporation | 16485 Laguna Canyon Road, Suite 260 |
| 16485 Laguna Canyon Road, Suite 250 | Irvine, CA 92618 |
| Irvine, CA 92618-3837 | Telephone: (949) 727-4060 |
| Tel: (949) 474-6900; Fax (949) 474-6907 | Fax: (949) 727-4070 |
| Attorneys for Cross-Defendants LEONARD FELD, MARSHAL CASTLE, TIM PARKER and JONELLE PARKER | Attorney for Plaintiffs and Cross-Defendants, SOUTHBAY DENTAL SERVICES, INC. and LEONARD FELD, D.D.S. INC. |
| Gregory R. de la Pena (SBN 126626) | James L. Dawson (SBN 73521) |
| Keith L. Cooper (SBN 175741) | Marc E. Eisenhart (SBN 188518) |
| DE LA PENA & MCDONALD | GATES EISENHART DAWSON |
| 101 Spear St., Suite 215 | Ten Almaden Blvd., Suite 400 |
| San Francisco, CA 94105 | San Jose, CA 95113-2237 |
| Telephone: (415) 227-4100 | Telephone: (408) 288-8100 |
| Fax: (415) 227-4116 | Fax: (408) 288-9409 |
| Attorneys for Plaintiff/Cross-Defendant SOUTH BAY DENTAL SERVICES, INC | Attorneys for Defendants, TRACY HEETER DDS, TRACY HEETER DDS INC., SOUTH BAY DENTAL CENTER INC., SOUTH BAY HEALTH CENTER INC., and Cross-Complainant, SYLVIA COX |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| LEONARD FELD, DDS, a California corporation; SOUTH BAY DENTAL SERVICES, INC., a California corporation; LEONARD FELD, an individual; MARSHALL CASTLE, an individual; TIM PARKER, an individual; JANELLE PARKER, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>TRACY HEETER, DDS, an individual, TRACY K. HEETER, DDS, INC., a California corporation; SYLVIA COX, an individual; SOUTH BAY DENTAL CENTER, INC., a | Case No.: C 06-04031-JF<br><br>JUDGE JEREMY FOGEL<br>COURTROOM 3<br><br>[~~PROPOSED~~] ORDER RE APPOINTMENT OF SPECIAL MASTER<br><br>TRIAL DATE: None Set<br>TIME: 9:00 a.m.<br>CTRM: 3 |

{00241362.DOC; 1}

1

| | |
|---|---|
| 1 | California corporation; SOUTH BAY HEALTH CENTER, INC., a California corporation; |
| 2 | STEVEN SIBLEY, an individual, DINAPOLI & SIBLEY, and DOES 1 through 50 inclusive, |
| 3 | |
| 4 | Defendants. |
| 5 | SYLVIA COX, |
| 6 | Cross-Complainant, |
| 7 | vs. |
| 8 | MARSHALL CASTLE; TIMOTHY PARKER; LEONARD FELD; LEONARD FELD DDS, |
| 9 | INC.; SOUTH BAY DENTAL SERVICES, INC.; DENTAL X-RAY AND PHOTOGRAPHY; |
| 10 | DENTECH; DENTECH MARKETING DIRECTIONS; DENTECH/PARKER |
| 11 | MANAGEMENT; AND ROES 1-20, inclusive, |
| 12 | Cross-Defendants. |

Pursuant to Rule 53(a)(1)(B)(ii) of the Federal Rules of Civil Procedure, the Court determines that because of the complex accounting issues involved in this matter, there is good cause for the appointment of ___Randy Sugarman___ as a Special Master ("Master") to receive evidence and recommend findings of fact on accounting issues raised by this action including but not limited to:

1. The amount of funds deposited from December 7, 1999 to June 30, 2000 into the Bank of the West Account No. 015-010967 held in the name of Defendant TRACY K. HEETER, DDS, INC., the source of those funds, the dates those funds were earned and for whose benefit those funds were used;

2. The amount of funds deposited from December 7, 1999 to June 30, 2000 into the Bank of the West Account No. 015-010975 held in the name of Defendant SOUTH BAY DENTAL CENTER, INC., the source of those funds, the dates those funds

{00241362.DOC; 1}

were earned and for whose benefit those funds were used;

3. The total amount of "Accounts Receivable" collected from December 7, 1999 to June 7, 2000 ("Accounts Receivable" means money due on services performed by Defendants TRACY K. HEETER, DDS, INC. or SOUTH BAY DENTAL CENTER, INC. prior to December 7, 1999);

4. The total amount of "Accounts Receivable" collected from December 7, 1999 to January 27, 2000;

5. The amount of "Accounts Receivable" collected from December 7, 1999 to January 27, 2000 from Insurance Companies;

6. The amount of "Accounts Receivable" collected from December 7, 1999 to January 27, 2000 from individual patients;

7. The total amount of "Accounts Receivable" collected from January 27, 2000 to June 7, 2000;

8. The amount of "Accounts Receivable" collected from January 27, 2000 to June 7, 2000 from Insurance Companies;

9. The amount of "Accounts Receivable" collected from January 27, 2000 to June 7, 2000 from individual patients;

10. Whether the capitation payments received by Defendants TRACY K. HEETER, DDS, INC. or SOUTH BAY DENTAL CENTER, INC. for the period of December 1, 1999 to December 31, 1999, were prorated and, if not, the amount of capitation payments, if any, that should be prorated in favor of Plaintiffs LEONARD FELD, DDS, INC. and SOUTH BAY DENTAL SERVICES, INC. if the Court finds that the capitation payments should be prorated;

11. Whether Defendants TRACY K. HEETER, DDS, INC. or SOUTH BAY DENTAL

{00241362.DOC; 1}

CENTER, INC. prior to December 7, 1999 received money for services performed by Plaintiffs LEONARD FELD, DDS, INC or SOUTH BAY DENTAL SERVICES, INC. on or after December 7, 1999 and the amount of such payments received by these Defendants prior to December 7, 1999 for services performed after December 7, 1999, by Plaintiffs LEONARD FELD, DDS, INC. or SOUTH BAY DENTAL SERVICES, INC.;

12. Whether Plaintiffs LEONARD FELD, DDS, INC. or SOUTH BAY DENTAL SERVICES, INC. after December 7, 1999 refunded money to patients and/or their insurers for services previously rendered by Defendants TRACY K. HEETER, DDS, INC. or SOUTH BAY DENTAL CENTER, INC. prior to December 7, 1999 and, if so, the amount, if any, that Defendants TRACY K. HEETER, DDS, INC. or SOUTH BAY DENTAL CENTER, INC. should reimburse Plaintiffs LEONARD FELD, DDS, INC. or SOUTH BAY DENTAL SERVICES, INC. for said refunds if the Court determines that such refunds are due to these Plaintiffs;

13. Whether funds were paid out of Bank of the West Account No. 015-011684 held in the name of SOUTH BAY DENTAL CENTER, INC. for the benefit of Defendants TRACY HEETER, DDS, TRACY K. HEETER, DDS, INC, SOUTH BAY DENTAL CENTER, INC., and/or Defendant/Cross-Complainant SYLVIA COX or companies owned by them (collectively the "COX Parties") and, if so, the purpose for such payments and the amount of such payments;

14. Whether office expenses paid out of Bank of the West Account No. 015-011684 held in the name of SOUTH BAY DENTAL CENTER, INC. for the period of December 1, 1999 to December 31, 1999, were prorated and, if not, the amount of the office expenses paid out of this account for the period of December 1, 1999 to December

{00241362.DOC; 1}

4

31, 1999, that should be prorated against the COX PARTIES if the Court finds that these office expense payments should be prorated;

15. Whether funds were paid out of Bank of the West Account No. 015-012658 held in the name of SOUTH BAY DENTAL SERVICES, INC. for the benefit of the COX Parties and, if so, the amount of such payments;

16. Whether office expenses paid out of Bank of the West Account No. 015-012658 held in the name of SOUTH BAY DENTAL SERVICES, INC. for the period of December 1, 1999 to December 31, 1999, were prorated and, if not, the amount of the office expenses paid out of this account for the period of December 1, 1999 to December 31, 1999, that should be prorated against the COX PARTIES if the Court finds that these office expense payments should be prorated;

17. Whether funds were paid out of Bank of the West Account No. 015-013326 held in the name of LEONARD FELD, D.D.S., INC. for the benefit of the COX Parties and, if so, the amount of such payments;

All expenses incurred by the Master shall initially be borne one-half (1/2) by Plaintiffs LEONDARD FELD, DDS; SOUTH BAY DENTAL SERVICES, INC. and Plaintiffs and Cross-Defendants LEONARD FELD; MARSHAL CASTLE and TIMOTHY PARKER (collectively the "FELD Parties"); and one-half (1/2) by the COX Parties.

The Court retains discretion to reapportion the Master's fees and costs upon the completion of his report. The Master's compensation shall be calculated at a rate of $425.00 per hour.

Upon receiving notice of the appointment, the Master shall proceed with performing his or her duties under this order with all reasonable diligence.

In performing the duties described in this order, the Master may regulate all proceedings before him and take all appropriate measures to receive evidence and make the required findings in a fair and efficient manner. In performing his duties, if after receiving evidence from the parties, the Master is unable to make a determination on any aspect the accounting issues raised he shall so specifically state this in his report.

The Master shall within 60 days from his appointment file with the Court and serve on the parties his recommended findings and if additional time is required, the Master shall request such additional time from the Court.

Upon service of the Master's recommendations, the parties shall have 20 days in which to file objections or motions to modify the Master's recommendations.

Dated: 10/2/09

JUDGE JEREMY FOGEL

{00241362 DOC; 1}

6

ORDER RE APPOINTMENT OF SPECIAL MASTER     Case No. C 06-04031-JF